IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 20-cv-01952-MEH**

KATIANA A. WISE, *et al.*,

    Plaintiffs,

v.

THE ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES: CHILD AND ADULT PROTECTION SERVICES DIVISION, *et al.*,

    Defendants.

**UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION AND RESTRICT PUBLIC ACCESS**

Defendants the Arapahoe County Department of Human Services: Child and Adult Protection Services Division ("ACDHS"), Kaylee McFarland, Jason Lester, Cheryl Ternes, Michael DeGretto, and Kido Clark (collectively, the "County Defendants") and Defendants Foster Parents Holly Booker and Margaret Booker ("Foster Defendants"), through counsel, hereby move the Court pursuant to D.C.COLO.LCivR 7.2 to accept the filing of the documents described herein under Level 1 restriction and restrict public access to the same. In support, the County Defendants and Foster Defendants provide as follows:

    1.    The above-captioned action arises from two on-going state court dependency and neglect actions[1] (the "State D&N Actions") in which three of Plaintiff Katiana Wise's children,

---

[1] An initial D&N action was filed related to Ky.L.W. and Kor.L.W., Arapahoe County District Court Case #18JV952. A second D&N action was then instituted related to Ko.L.W., who was born after the first case was filed, Arapahoe County District Court Case #19JV965.

Ky.L.W., Kor.L.W., and Ko.L.W., were eventually removed by the ACDHS following an investigation into child abuse in which Ky.L.W. sustained life threatening injuries as result of physical abuse. Plaintiffs, unhappy with the rulings in the on-going State D&N Actions and the failure of the state court to place Ky.L.W., Kor.L.W., and Ko.L.W. in kinship placements instead of in foster care, assert a Section 1983 racial discrimination claim, an Age Discrimination Act claim, as well as numerous state law tort claims all of which ask this court to revisit and review issues already decided by the state court, including determinations as to the best placement for Katiana Wise's children.

2. Under Colorado law, records and information generated during a dependency and neglect action are confidential and protected from disclosure. COLO. REV. STAT. §§ 19-1-303(1)(b) (agencies and individuals shall maintain the confidentiality of the information obtained in performing duties and functions under dependency and neglect statutes); § 19-1-307(1)(a) ("[R]eports of child abuse or neglect and the name and address of any child, family, or informant or any identifying information contained in such reports shall be confidential and shall not be public information."); § 26-1-114 (state department of human services may establish rules to provide safeguards restricting the use or disclosure of information concerning federally aided public assistance, including but not limited to child welfare services); *see also* 12 CCR 2509-1, § 7.000.72. (requiring county departments to keep such information confidential).

3. The federal Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C. § 5101 *et seq.*, also recognizes the confidentiality of dependency and neglect records. Under CAPTA, a state seeking federal funding must submit a compliance plan that provides for methods

2

to preserve the confidentiality of child abuse and neglect records. 42 U.S.C. § 5106a.[2]

4. Pursuant to COLO. REV. STAT. §§ 19-1-307(2), only specified individuals and parties may be given access to child abuse or neglect records and information. However, courts are permitted such access pursuant to subsection 307(2)(f), which provides that a court, upon a finding that access to such records may be necessary for determination of an issue before such court, may permit access to such records when it "determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it." CAPTA similarly states reports and records shall only be made available to specified individuals and parties, including, "(V) a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury." 42 U.S.C. § 5106a(b)(2)(B)(viii).

5. The County Defendants and Foster Defendants jointly filed their Motion to Dismiss [Doc. #43]. The motion is supported with exhibits, some of which contain, in whole or in part, confidential information as described above. The County Defendants and Foster Defendants jointly submitted the following exhibits from the State D&N Action: Exhibit A-1 Docket Sheet 18JV952 [Doc. #44], Exhibit A-2 Docket Sheet 19JV965 [Doc. #44-1], Exhibit A-3 Motion to Intervene 18JV952 [Doc. #44-2], Exhibit A-4 Motion to Intervene 19JV965 [Doc. #44-3], Exhibit A-5 Motion for Placement 18JV952 [Doc. #44-4], and Exhibit A-6 Motion for Placement 19JV965 [Doc. #44-5].

---

[2] Defendants would ask the Court to take judicial notice of the fact that the Colorado Department of Human Services and, derivatively, the Arapahoe County Department of Human Services receive federal funding with respect to their child abuse prevention and treatment programs. FED. R. EVID. 201(b).

6. The movants are seeking **Level 1 Restriction** with regard to the exhibits attached to their Motion to Dismiss, specifically Exhibits A-1 through A-6.

7. Apart from the public policy purposes served by the confidentiality restrictions imposed on the disclosure of dependency and neglect proceedings, records and information under state law, the County Defendants and Foster Defendants submit that the disclosure of the redacted and/or sealed information contained in their filings could needlessly expose the children and other persons who are not parties to this litigation, and who have through no fault of their own been caught up in Plaintiffs' action, embarrassment and/or humiliation absent any countervailing public interest or need.

8. Plaintiffs in this action have been consulted on this matter and agree to the importance of maintaining records from the State D&N Action in confidence, and do not oppose the motion.

WHEREFORE, the County Defendants and Foster Defendants, with the consent and approval of the Plaintiffs in this action, request that the Court accept the documents identified above for filing under seal and restrict access thereto by members of the public, granting the records Level 1 Restricted Access.

Submitted this 5th day of August 2020.

**Arapahoe County Attorney's Office**

By: _s/ Writer Mott_
Writer Mott
Deputy County Attorney
Rebecca M. Taylor
Assistant County Attorney
5334 S. Prince Street
Littleton, CO 80120-1136
Tele: 303-795-4639
E-mail: Wmott@arapahoegov.com
         Rtaylor@arapahoegov.com

*Attorneys for Defendants The Arapahoe County Department of Human Services: Child and Adult Protection Services Division ("ACDHS"), Kaylee McFarland, Jason Lester, Cheryl Ternes, Michael DeGretto, and Kido Clark.*
*Attorneys for Foster Defendants Holly Booker and Margaret Booker pursuant to order of limited representation.*

### Certificate of Service

This is to certify that on the 5th day of August 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO FILE DOCUMENTS UNDER LEVEL 1 RESTRICTION AND RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Nathan B. Kennedy
nathan@praxlex.com


_s/ Stacy Hines_
Stacy Hines, Paralegal
Arapahoe County Attorney's Office