IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01952-MEH

KATIANA A. WISE,
NATHAN B. KENNEDY,
YASMEEN J. KENNEDY,
JOHNNY WATSON,
BEATRICE V. WATSON,
Ky.L.W.,
Kor.L.W.,
Ko.L.W.,

    Plaintiffs,

v.

ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES,
Child and Adult Protection Services Division,
JASON LESTER,
CHERYL TERNES,
MICHAEL DEGRETTO,
TRACY MAQUIRE,
JODI MAPLES,
MARGARET BOOKER,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the GAL Defendants' Motion for Award of Reasonable Attorneys' Fees and Costs. ECF 118. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Motion is granted as stated herein.

## **BACKGROUND**

    This lawsuit concerns the removal of three children from their home and the decision to place them in foster care rather than with a family member. The relevant facts are contained in

the Courts' Order granting dismissal of the Second Amended Complaint (SAC).  ECF 117.  The SAC brought two federal civil rights claims and eleven state law claims against Defendants, including numerous common law tort claims.  The Court dismissed the entire action,[1] including the two negligence claims against GAL Defendants (Tracy McGuire and Jodi Maples) with prejudice, based on quasi-judicial immunity.

> Under Colorado law, Colo. Rev. Stat. § 13-17-201:
>
> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

A dismissal on the basis of immunity falls under Rule 12(b)(6).  *See Frischenmeyer v. Werholtz*, 459 F. App'x 759, 761 (10th Cir. 2012); *Nevitt v. Fitch*, 68 F. App'x 180, 181 (10th Cir. 2003).  Negligence claims fall within the statute.  *See Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707 (10th Cir. 2009).  Under the plain facts alleged in the SAC and construing the Court's order of dismissal, attorney's fees are mandatory here.

Plaintiffs do not support any argument that the statute should not apply here.  First, they argue that the federal civil rights statutes' attorney's fees provisions preempt Section 13-17-201, but the Court did not construe the SAC as bringing any civil rights claims against the GAL Defendants.  Second, Colorado decisional law holds that Section 13-17-201, which mandates fees regardless of the good faith of the plaintiffs in bringing the action, does not conflict with Colo. Rev. Stat. § 13-17-102(7), which states:  "No attorney or party shall be assessed attorney fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Colorado."  *State v. Golden's Concrete Co.*, 962

---

[1] "[A] defendant who succeeds in dismissing a complaint under Rule 12(b) is entitled to the fee award even if the complaint included a mix of tort and non-tort claims . . . ." *Infant Swimming*, 335 F. App'x at 716.

P.2d 919, 925 (Colo. 1998).  *See Crandall v. City of Denver*, 238 P.3d 659, 663 (Colo. 2010) (same).  In any event, I could not find in this case that the claims were a good faith attempt to establish a new theory of law.  Third, in *Short by Oosterhous v. Short*, 730 F. Supp. 1037, 1040 (D. Colo. 1990), Judge Babcock dismissed a claim against a guardian ad litem and did not award attorney's fees, however, he only analyzed Rule 11 and Section 13-17-102(7).  As noted above, a plain reading of Section 13-17-201 establishes its applicability here, and the Colorado Supreme Court has approved its use.  Fourth, Rule 12(b) did provide the legal authority for the dismissal here.  Fifth, I find no equitable basis to negate the plain language of Section 13-17-201 under the facts of this case.  Sixth, this was a dismissal for failure to state a claim under 12(b)(6), not a lack of subject matter jurisdiction under 12(b)(1) but, in any event, the statute speaks broadly to a *12(b)* dismissal.  Any other argument by Plaintiffs is subsumed within the preceding analysis.

The GAL Defendants seek fees jointly against Plaintiffs and their counsel.  The text of the statute does not create a right of fees against counsel.  *Arabalo v. City of Denver*, No. 11-CV-02343-MSK-MEH, 2014 WL 2459698, at *3 (D. Colo. June 2, 2014), *aff'd*, 625 F. App'x 851 (10th Cir. 2015).  The GAL Defendants cite no Colorado Supreme Court authority to the contrary (but rather a 2018 Colorado Court of Appeals decision), nor have I found, as that court did (*see Patterson v. James*, 454 P.3d 345, 353 (Colo. App. 2018)), that Plaintiffs' counsel was the "driving force behind the strategic decisions."

Finally, Plaintiffs argue that the GAL Defendants' fee petition is "facially excessive." Indeed, Plaintiffs rely solely on a facial argument, providing no detail as to any specific entry or amount claimed.  I do not find any obvious facial deficiency, inaccuracy, or overstatement in the itemization, nor can I scour it to find support for Plaintiffs' arguments.

WHEREFORE, for the foregoing reasons, the GAL Defendants' Motion for Award of Reasonable Attorneys' Fees and Costs, ECF 118, is **granted.** The GAL Defendants are awarded $46,947.50 in attorney's fees and $923.31 in costs.

Dated at Denver, Colorado, this 4th day of August, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge